UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN LANGELLIER, on behalf of himself
and on behalf of all others
similarly situated,

    Plaintiff,

v.                                  CASE NO.:

BREVARD EXTRADITIONS INC
d/b/a U.S. PRISONER TRANSPORT,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KEVIN LANGELLIER ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, BREVARD EXTRADITIONS INC d/b/a U.S. PRISONER TRANSPORT ("Defendant"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Brevard County, Florida.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendant BREVARD EXTRADITIONS INC d/b/a U.S. PRISONER TRANSPORT operates a prisoner transportation company in Melbourne, in Brevard County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Named Plaintiff KEVIN LANGELLIER was employed by Defendant as an Extradition Agent.

10. The putative collective of similarly situated employees consists of all other Extradition Agents employed by Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Collective" or "the Collective."

11. At all times material hereto, Plaintiff and Members of the Collective were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff and Members of the Collective were "employees" of Defendant BREVARD EXTRADITIONS INC d/b/a U.S. PRISONER TRANSPORT within the meaning of the FLSA.

13. At all times material hereto, Defendant BREVARD EXTRADITIONS INC d/b/a U.S. PRISONER TRANSPORT was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant BREVARD EXTRADITIONS INC d/b/a U.S. PRISONER TRANSPORT continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant BREVARD EXTRADITIONS INC d/b/a U.S. PRISONER TRANSPORT was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, Defendant BREVARD EXTRADITIONS INC d/b/a U.S. PRISONER TRANSPORT engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17. At all times relevant to this action, the annual gross sales volume of Defendant BREVARD EXTRADITIONS INC d/b/a U.S. PRISONER TRANSPORT exceeded $500,000 per year.

18. Specifically, Plaintiff and the Collective were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff and Members of the Collective had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

19. Thus, Plaintiff and Members of the Collective are "non-exempt employees" who are covered by the FLSA.

20. At all times material hereto, the work performed by Plaintiff and Members of the Collective was directly essential to the business performed by Defendant.

## FACTS

21. Named Plaintiff KEVIN LANGELLIER began working for Defendant as an Extradition Agent in July 2018, and he worked in this capacity until February 2019.

22. Plaintiff's job duties included operation of a prisoner transportation vehicle.

23. At certain times during his employment the vehicles Plaintiff operated in the performance of his job duties had a weight of less than ten thousand and one (10,001) pounds. Further, Plaintiff did not operate vehicles to transport more than eight (8) passengers for compensation or more than fifteen passengers without compensation.

24. At various times material hereto, Plaintiff and the Collective worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

25. Defendant failed to pay Plaintiff and Members of the Collective an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

26. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and Members of the Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 et seq.

27. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Collective") pursuant to 29 U.S.C. § 216(b). The Collective is composed of Extradition Agents whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

29. Therefore, Notice is properly sent to: "All Extradition Agents whom Defendant failed to compensate for all of the overtime hours that they worked from June 2016 to the present."

30. The total number and identities of the Collective members may be determined from the records of Defendant, and the Collective may easily and quickly be notified of the pendency of this action.

31. Plaintiff is similar to the Collective because he and the Collective have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

32. Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Collective.

33. Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Collective is common to the Collective.

34. Overall, Plaintiff's experience as an Extradition Agent who worked for Defendant is typical of that of the Collective.

35. Specific job titles or job duties of the Collective do not prevent collective treatment.

36. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

### COUNT I – FLSA OVERTIME VIOLATIONS

37. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 36 of this Complaint, as fully set forth herein. Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

38. During the statutory period, Plaintiff and the Collective worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

39. Defendant failed to compensate Plaintiff and the Collective for all of the overtime hours that Plaintiff and the Collective worked.

40. The Members of the Collective are similarly situated because they were all employed as Extradition Agents by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its Extradition Agents for all of the overtime hours that they worked in accordance with the FLSA.

41. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Collective who have

opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

42. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

43. As a result of the foregoing, Plaintiff and the Collective have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Collective that he seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and of opt-in Members of the Collective at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and of opt-in Members of the Collective at the applicable overtime rate as liquidated damages;

(h) Judgment against Defendant, stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 17th day of July, 2019.

        Respectfully submitted,

        */s/Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602

Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jcornell@wfclaw.com
**Attorneys for Plaintiff**