UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN LANGELLIER,

    Plaintiff,

v.                                         Case No. 6:19-cv-1316-Orl-37EJK

BREVARD EXTRADITIONS INC,

    Defendant.
_____

**ORDER**

Defendant Brevard Extraditions Inc., doing business as U.S. Prisoner Transport, moves to dismiss Plaintiff Kevin Langellier's first amended complaint for failure to state a claim upon which relief may be granted. (Doc. 22 ("**Motion**").) Plaintiff responded. (Doc. 43.) On review, the Motion is denied.

    **I.**     **BACKGROUND**

Plaintiff was Defendant's employee from July 2018 to February 2019, where he worked as an Extradition Agent responsible for transporting prisoners across the country via bus or van. (Doc. 19, ¶¶ 2, 23–27.) During his employment, Plaintiff claims he regularly worked over forty hours per week without the required overtime compensation. (*Id.* ¶¶ 3–4, 28.) Further, Plaintiff says he was not paid minimum wage for all hours he worked. (*Id.* ¶¶ 5, 29.) Alleging he and other similarly situated employees were not paid overtime and minimum wages, Plaintiff sued for violations of the Fair Labor Standards Act ("**FLSA**"). (*Id.* ¶ 6.) Plaintiff raised an FLSA overtime violation claim

(*id.* ¶¶ 38–43 ("**Count I**")) and minimum wage violation claim (*id.* ¶¶ 44–47 ("**Count II**")).

Defendants now moves to dismiss the amended complaint for failure to state a claim. (Doc. 22.) Before Plaintiff's response, the parties jointly stipulated to the dismissal of Count I with prejudice. (Docs. 34, 38.) Plaintiff then responded (Doc. 43), so the matter is ripe.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations and internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## III.   ANALYSIS

Defendant argues the complaint fails to state a claim for failure to pay overtime compensation and minimum wage. (Doc. 22.) As the parties have stipulated to the dismissal of Plaintiff's overtime compensation claim (*see* Docs. 34, 38), the Motion is due

to be denied as moot on that claim. So the Court addresses the sufficiency of Plaintiff's minimum wage claim only.

Defendant contends Plaintiff failed to allege facts to establish a minimum wage claim and instead relied solely on "three conclusory, factually-devoid allegations of unpaid minimum wages." (Doc. 22, pp. 20–21.) The Court disagrees. In discussing the pleading requirements for FLSA cases, the U.S. Court of Appeals for the Eleventh Circuit has stated, "the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)[1] (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)). Plaintiff has made that showing for his minimum wage claim.

First is whether Plaintiff is a covered employee. To be eligible for minimum wage under the FLSA, an employee must demonstrate he is a covered employee. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). To do so, an employee must show either enterprise or individual coverage. *See id.* at 1298–99; *see also* 29 U.S.C. § 207(a)(1). Enterprise coverage exists if the employer: (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in

---

[1] While unpublished opinions are not binding precedent, they may be considered persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

or produced for commerce by any person"; and (2) "has at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)). Individual coverage exists if the employee is "engaged in commerce" or "in the production of goods for commerce." *See Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)). This occurs when the employee is "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce . . . , or (ii) by regularly using the instrumentalities of interstate commerce in his work." *Id.* (citations omitted).

Here, Plaintiff has adequately alleged both enterprise and individual coverage. For enterprise coverage, Plaintiff alleged Defendant was his employer and is an enterprise covered by the FLSA. (Doc. 19, ¶¶ 11–12.) Plaintiff also alleged "Defendant engaged in interstate commerce," "Defendant . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce," and "[a]t all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year." (*Id.* ¶¶ 13–14.) These allegations show enterprise coverage at the pleading stage. *See, e.g.*, *Anderson v. Cuenca Safety & Crime Prevention, Inc.*, No. 8:13-cv-1500-T-33AEP, 2013 WL 5587941, at *3 (M.D. Fla. Oct. 9, 2013); *Dobbins v. Scriptfleet, Inc.*, No. 8:11-cv-1923-T-24-AEP, 2012 WL 601145, at *2 (M.D. Fla. Feb. 23, 2012).

For individual coverage, Plaintiff alleged he and the putative class members were engaged in the production of goods for commerce as they "routinely and regularly used and/or handled items moving in the stream of commerce including: Defendant's clients'

prisoners, radios, guns, gun magazines, gun holsters, gun belts, gun ammunition, pepper spray, tasers, uniforms, cellular phones, and office supplies used to record prisoner transfer information." (Doc. 19, ¶¶ 17–18.) Also Plaintiff alleged he and the putative class members regularly used instrumentalities of interstate commerce (like the Internet on his phone, dispatch radios, and credit cards) and traveled to prisoner pick-up locations using interstate highways and purchased food and gas along the way. (*Id.* ¶¶ 19–20.) These allegations show individual coverage.[2] *See Anderson*, 2013 WL 5587941, at *2–3.

Second is whether Plaintiff has shown a failure to pay minimum wage. "To establish a *prima facie* violation of the FLSA, a plaintiff must allege 'as a matter of just and reasonable inference that the wages paid to him did not satisfy the requirements of the FLSA.'" *Commings v. Orange Lake Country Club*, No. 6:12-cv-397-Orl-19KRS, 2012 WL 13136502, at *2 (M.D. Fla. July 6, 2012) (quoting *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 475 n.2 (11th Cir. 1982)). So at the pleading stage, Plaintiff must simply "allege[ ] sufficient facts to raise a reasonable expectation that discovery will reveal evidence that he is owed compensation for work he performed while employed by defendants" and "give[ ] defendant fair notice of the basis for his claims." *Souder v. Premier Auto. on Atl., LLC*, No. 3:08-cv-973-J-32JRK, 2009 WL 691916, at *4 (M.D. Fla. Mar. 13, 2009) (citation omitted).

Plaintiff's allegations are enough. Plaintiff alleged he and the putative class

---

[2] In the Motion, Defendant does not challenge the sufficiency of Plaintiff's allegations regarding individual and enterprise coverage under the FLSA for purposes of Plaintiff's minimum wage claim. (*See* Doc. 22, pp. 20–21.)

members were not paid minimum wage for all hours worked and he received "sub-minimum wage weekly compensation." (Doc. 19, ¶¶ 29, 30, 33, 45.) Further, Plaintiff explained one specific instance where Defendant failed to pay minimum wage: "On one occasion [Plaintiff] worked for three week[s] straight, 7 days a week, stopping only to catch sleep in bunk-beds included in the bus he and his fellow agents transported the prisoners in. He did not receive minimum wage . . . for this particular workweek." (*Id.* ¶ 31.) Taking these allegations as true, these facts raise a reasonable expectation that discovery will reveal Defendant owes Plaintiff and the putative class members compensation and give Defendant notice of the basis for Plaintiff's claim. *See Souder*, 2009 WL 691916, at *4; *see also Commings*, 2012 WL 13136502, at *4 (finding the allegation that the plaintiff and similarly situated employees "regularly worked hours for each week and were not paid even minimum wages for said time" enough "to provide [the d]efendant fair notice of the claim and the grounds upon which it rests" (citation omitted)). Thus, the Motion is denied as to Plaintiff's minimum wage claim.[3] *See Souder*, 2009 WL 691916, at *4 (denying a motion to dismiss based on allegations that the plaintiff was "not paid a minimum wage for each hour worked within a work week" and was not paid "complete wages"); *see also Labbe*, 319 F. App'x at 763–64 (finding allegations that the employee is a covered employee and the employer failed to pay covered employees minimum hourly wages sufficient to survive dismissal).

---

[3] In addition to arguing for dismissal of Plaintiff's overtime and minimum wage claims, Defendant also asserts the Court should dismiss Plaintiff's recordkeeping violation claim. (Doc. 22, pp. 19–20.) However, Plaintiff represents he is not pursuing a recordkeeping claim (Doc. 43, p. 10), so the Court need not address this argument.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Amended Complaint (Doc. 22) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 25, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record